### In the MATTER OF: Benjamin T. CAUGHEY, Respondent

### Supreme Court Case No. 49S00-1602-DI-101

Supreme Court of Indiana.

Filed August 29, 2016

Published Order Approving Statement of Charges and Conditional Agreement for Discipline

Loretta H. Rush, Chief Justice of Indiana

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Charges and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below.

**Stipulated Facts:** On July 27, 2015, Respondent pled guilty to Operating a Vehicle While Intoxicated Endangering a Person with a Prior Conviction Within Five Years, a Level 6 felony to be entered as a Class A misdemeanor. Respondent's sentence included probation and electronic home monitoring. Since that time, Respondent twice has violated his probation by consuming alcohol. After the first violation, the trial court continued Respondent on probation with certain added conditions. After the second violation, the trial court revoked Respondent's probation, sentenced him to five days in jail, and terminated his probation following completion of the jail sentence.

**Violation:** The parties agree that Respondent violated Indiana Professional Conduct Rule 8.4(b), which prohibits committing a criminal act that reflects adversely on Respondent's trustworthiness or fitness as a lawyer.

**Discipline:** The Court, having considered the submission of the parties, now approves the following agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of two years and 90 days, beginning August 7, 2016, with 90 days actively served and the remainder stayed subject to completion of two years of probation with JLAP monitoring.** The Court incorporates by reference the terms and conditions of probation set forth in the parties' Conditional Agreement, which include:

(1) Respondent shall obtain no new criminal convictions, shall not consume any alcohol, and shall continue contracting with Sober Links for a device that constantly monitors his blood for the presence of alcohol.

(2) Respondent shall continue with his regular counseling sessions.

(3) If Respondent violates the terms and conditions of his disciplinary probation, his probation will be revoked, the stayed portion of Respondent's suspension shall be reinstated, and the suspension shall be actively served without automatic reinstatement.

Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). Notwithstanding the expiration of the term of probation set forth above, Respondent's probation shall remain in effect until it is terminated pursuant to Admission and Discipline Rule 23(17.1).

The costs of this proceeding are assessed against Respondent. With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

All Justices concur.